**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br>**ALLEGIANCE COAL USA LIMITED**,<br>Debtor.<br>Federal EIN: 32-0621324 | Chapter 11<br>Case No. 23-10234 (CTG) |
| In re<br>**BLACK WARRIOR MINERALS, INC.**,<br>Debtor.<br>Federal EIN: 63-0906486 | Chapter 11<br>Case No. 23-10235 (CTG) |
| In re<br>**NEW ELK COAL HOLDINGS LLC**,<br>Debtor.<br>Federal EIN: 32-0621314 | Chapter 11<br>Case No. 23-10236 (CTG) |
| In re<br>**NEW ELK COAL COMPANY LLC**,<br>Debtor.<br>Federal EIN: 20-4120615 | Chapter 11<br>Case No. 23-10237 (CTG) |

**DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING**
**JOINT ADMINISTRATION OF CHAPTER 11 CASES**

The above-captioned debtors and debtors in possession (the "Debtors") respectfully move (the "Motion") as follows:

**RELIEF REQUESTED**

1. The Debtors respectfully request entry of an order, substantially in the form attached as **<u>Exhibit A</u>**, directing joint administration of these cases for procedural purposes only.

2. The Debtors also request that (a) the Court maintain one file and one docket for the jointly-administered chapter 11 cases under the case number assigned to Allegiance Coal USA Limited, and (b) these chapter 11 cases be administered under a consolidated caption, substantially as follows:

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re<br><br>**ALLEGIANCE COAL USA LIMITED**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10234 (CTG)<br><br>Jointly Administered |

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486). The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

3. The Debtors request that the Court find that the proposed caption satisfies the requirements of section 342(c)(1) of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "<u>Bankruptcy Code</u>").

4. The Debtors also request that an entry be made on the docket of each of the Debtors' cases, other than the case of Allegiance Coal USA Limited, to reflect the joint administration of these cases, substantially similar to the following:

> An Order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Allegiance Coal USA Limited; New Elk Coal Holdings LLC; New Elk Coal Company LLC; and Black Warrior Minerals, Inc.  The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091. The docket in the chapter 11 case of Allegiance Coal USA Limited, Case No. 23-10234 (CTG) should be consulted for all matters affecting the chapter 11 cases of any of the foregoing entities.

5.      Further, the Debtors request that the Court authorize them to utilize a combined service list for the jointly-administered chapter 11 cases and that combined notices may be sent to the Debtors' creditors where appropriate.

## **JURISDICTION**

6.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware dated as of February 29, 2012.  This is a core proceeding under 28 U.S.C. § 157(b).  Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

7.      The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

8. The statutory predicate for the relief requested herein are sections 105(a) and 342(c) of the Bankruptcy Code, as supplemented by rule 1015 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1015-1.

## BACKGROUND

9. On February 21, 2023 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these cases.

10. The Debtors' core business is mining and processing metallurgical coal for export to steel mills on the seaborne market. The Debtors operate two coal mines in the United States, and are also advancing a development project for an additional mine in British Columbia. Through both underground and surface mining methods, the Debtors extract met coal—also known as metallurgical, steelmaking or coking coal—for use in steel production. Once extracted, the Debtors transfer their coal to various ports in the United States for exporting to the global seaborne market.

## BASIS FOR RELIEF REQUESTED

11. Under Bankruptcy Rule 1015(b), if "two or more petitions are pending in the same court by or against . . . a debtor and an affiliate, the court may order a joint administration of the estates." Fed. R. Bankr. P. 1015(b). The Debtors are "affiliates" as that term is defined under section 101(2) of the Bankruptcy Code, as each Debtor is a wholly owned direct or indirect subsidiary of non-debtor Allegiance Coal Limited. Accordingly, this Court is authorized to grant the relief requested herein.

12. Additionally, Local Rule 1015-1 provides that this Court may order joint administration without notice or a hearing upon the filing of a motion requesting such joint administration and an affidavit or verification establishing that joint administration is warranted and will ease the administrative burden for the Court and the parties.

13. Entry of an order directing joint administration of the Debtors' chapter 11 cases will avoid duplicative notices, applications and orders, thereby saving the Debtors and parties in interest considerable time and expense, as well as ease the administrative burden on the Court and the parties. The rights of creditors will not be adversely affected because this Motion requests only administrative consolidation of the chapter 11 cases. By aggregating all papers related to the Debtors under the same case caption and docket, creditors and parties in interest will be able to access and review relevant information concerning the Debtors in one place, and will thereby be better able to keep apprised of the matters before this Court.

14. Based on the foregoing, the Debtors submit that the relief requested is necessary and appropriate and in the best interests of their estates and creditors, and should be granted.

## **NOTICE**

15. Notice of this Motion is not required pursuant to Local Rule 1015-1.

[*Remainder of Page Intentionally Left Blank*]

## **CONCLUSION**

WHEREFORE, the Debtors respectfully request entry of an order, substantially in the form attached as **Exhibit A**, granting the relief requested herein and such other relief as is just and proper.

| | |
|---|---|
| Dated: February 22, 2023<br>Wilmington, Delaware | MORRIS, NICHOLS, ARSHT & TUNNELL LLP<br><br>*/s/ Paige N. Topper*<br>Robert J. Dehney (No. 3578)<br>Matthew B. Harvey (No. 5186)<br>Paige N. Topper (No. 6470)<br>Taylor M. Haga (No. 6549)<br>Evanthea Hammer (No. 7061)<br>1201 N. Market Street, 16th Floor<br>Wilmington, Delaware 19801<br>Telephone: (302) 658-9200<br>Facsimile: (302) 658-3989<br>rdehney@morrisnichols.com<br>mharvey@morrisnichols.com<br>ptopper@morrisnichols.com<br>thaga@morrisnichols.com<br>ehammer@morrisnichols.com<br><br>*Proposed Counsel to the Debtors and Debtors in Possession* |