## Exhibit A

**Proposed Order**

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **ALLEGIANCE COAL USA LIMITED**, | Case No. 23-10234 (CTG) |
| Debtor. | |
| Federal EIN: 32-0621324 | |
| In re | Chapter 11 |
| **BLACK WARRIOR MINERALS, INC.**, | Case No. 23-10235 (CTG) |
| Debtor. | |
| Federal EIN: 63-0906486 | |
| In re | Chapter 11 |
| **NEW ELK COAL HOLDINGS LLC**, | Case No. 23-10236 (CTG) |
| Debtor. | |
| Federal EIN: 32-0621314 | |
| In re | Chapter 11 |
| **NEW ELK COAL COMPANY LLC**, | Case No. 23-10237 (CTG) |
| Debtor. | |
| Federal EIN: 20-4120615 | |

**ORDER DIRECTING JOINT ADMINISTRATION OF CHAPTER 11 CASES**

Upon the motion (the "Motion")[1] of the Debtors for entry of an order (this "Order")

pursuant to section 105(a) of the Bankruptcy Code, Bankruptcy Rule 1015(b) and Local Rule

---

[1]    Capitalized terms not defined herein are defined in the Motion.

1015-1, directing joint administration of the Debtors' related chapter 11 cases, all as more fully

described in the Motion; and notice of the Motion not having been required pursuant to Local Rule

1015-1; and it appearing that the relief requested by this Motion is in the best interests of the

Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and

sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1.      The Motion is GRANTED as set forth herein.

2.      The above-captioned cases are consolidated for procedural purposes only

and shall be jointly administered under Case No. 23-10234 (CTG).

3.      The Clerk of Court shall maintain one file and one docket for these jointly

administered cases, which file and docket shall be the file and docket for Allegiance Coal USA

Limited, Case No. 23-10234 (CTG).

4.      The caption of the jointly administered cases shall read as follows:

**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re | Chapter 11 |
| **ALLEGIANCE COAL USA LIMITED**, *et al.*, | Case No. 23-10234 (CTG) |
| Debtors.[1] | Jointly Administered |

---

[1]      The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486).  The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

5.      All pleadings and other papers filed in these chapter 11 cases shall bear the foregoing consolidated caption.

6.      The foregoing consolidated caption satisfies the requirements of section 342(c)(1) of the Bankruptcy Code.

7.      A docket entry shall be made in each of the above-captioned cases substantially as follows:

> An Order has been entered in accordance with rule 1015(b) of the Federal Rules of Bankruptcy Procedure and rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of the following entities: Allegiance Coal USA Limited; New Elk Coal Holdings LLC; New Elk Coal Company LLC; and Black Warrior Minerals, Inc. The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091. The docket in the chapter 11 case of Allegiance Coal USA Limited, Case No. 23-10234 (CTG), should be consulted for all matters affecting the chapter 11 cases of any of the foregoing entities.

8.      Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise effecting a substantive consolidation of the Debtors or the Debtors' estates.

9.      The Debtors are authorized to utilize a combined service list for the Debtors' jointly-administered cases and may send combined notices to creditors of the Debtors and other parties in interest where appropriate.

10.      The Debtors and the Clerk of the Court are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

11.      Notwithstanding the possible applicability of Bankruptcy Rules 6004(h), 7062, 9014 or otherwise, this Order shall be immediately effective and enforceable upon its entry.

12.     The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.