# **EXHIBIT A**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**ALLEGIANCE COAL USA LIMITED**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10234<br><br>Joint Administration Requested<br><br>**Re: D.I. ___** |

### INTERIM ORDER GRANTING MOTION OF THE DEBTORS FOR ORDER AUTHORIZING THE DEBTORS TO HONOR PREPETITION WORKFORCE OBLIGATIONS

Upon consideration of the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession, (the "Debtors") for entry of an order (this "Order") under 11 U.S.C. §§ 105(a), 363(b), and 507(a)(4) and (a)(5), authorizing the Debtors to pay or otherwise honor their workforce-related prepetition obligations to, or for the benefit of, the Debtors' workforce and granting related relief; and the Court having determined that the relief requested in the Motion is in the best interests of the Debtors, their estates, creditors, and other parties in interest; and it appearing that notice of the Motion was sufficient under the particular circumstances and that no other or further notice need be given; and upon the record herein; and after due deliberation thereon; and good and sufficient cause appearing therefor;

IT IS HEREBY ORDERED, ADJUDGED AND DECREED THAT:

1. The Motion is GRANTED.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486). The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

2. The Debtors are authorized and empowered, but not directed, in their sole discretion, to pay or otherwise honor the prepetition workforce obligations to, or for the benefit of, the Debtors' workforce in the ordinary course of business, including but not limited to, all wages and salaries, which have accrued by virtue of the services rendered by the employees and independent contractors to the Debtors within the 180 days immediately prior to the Petition Date, provided that the total payments authorized by this Order shall not exceed $645,000.

3. In connection with the relief provided herein, the Debtors are further authorized to pay all local, state, and federal withholding and payroll-related taxes associated with the prepetition employee obligations, including but not limited to, all withholding taxes, Social Security taxes, and Medicare taxes associated therewith. The Debtors are further authorized to make payments to third parties from employee withholdings for employee-funded benefits, or as may be directed by applicable wage garnishment, child support, or similar court orders.

4. The Debtors are authorized and empowered to reimburse employees for all out-of-pocket business and business-related expenses incurred prior to the Petition Date in accordance with existing company policies and practices.

5. All banks are authorized and directed to honor upon presentation any checks, wire transfers, or ACH transactions drawn in payment of the prepetition workforce obligations. The Debtors are authorized to issue new postpetition checks or electronic fund transfer requests that may be dishonored or rejected as a result of the filing of the Debtors' chapter 11 cases.

6. Any party receiving payment or instruction from the Debtors is authorized and directed to rely upon the representations of the Debtors as to which payments are authorized by this Order.

7. Notice of the Motion as provided therein shall be deemed sufficient notice of such Motion, and the requirements of Bankruptcy Rule 6004(a) are waived.

8. The relief granted in this Order is necessary to avoid immediate and irreparable harm to the Debtors and (i) the requirements of Bankruptcy Rule 6003 are deemed satisfied and (ii) the requirements of Bankruptcy Rule 6004(h) are waived.

9. The Debtors are authorized and empowered to take all actions necessary to implement the relief granted in this Order.

10. Notwithstanding any applicability of any of the Bankruptcy Rules, the terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

11. This Court shall retain jurisdiction to hear and determine all matters arising from or related to the implementation, enforcement and/or interpretation of this Interim Order.