## **EXHIBIT A**

Proposed Order

Case 23-10234-CTG    Doc 8-1    Filed 02/22/23    Page 1 of 8

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**ALLEGIANCE COAL USA LIMITED**,<br>*et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10234 (CTG)<br><br>Joint Administration Requested<br><br>**Re: D.I. \_\_\_** |

**ORDER (I) AUTHORIZING DEBTORS TO (A) CONTINUE THEIR EXISTING CASH MANAGEMENT SYSTEM, (B) MAINTAIN THEIR BANK ACCOUNTS AND EXISTING BUSINESS FORMS, (C) IMPLEMENT CHANGES TO THE EXISTING CASH MANAGEMENT SYSTEM AS NECESSARY, AND (D) CONTINUE ORDINARY COURSE INTERCOMPANY TRANSACTIONS, (II) EXTENDING THE TIME TO COMPLY WITH THE REQUIREMENTS OF 11 U.S.C. § 345(b) AND THE U.S. TRUSTEE'S OPERATING GUIDELINES, AND (III) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an order (this "Order") pursuant to sections 105(a), 345(b) and 363(c)(1) of the Bankruptcy Code, Bankruptcy Rules 6003 and 6004 and Local Rule 9013-l(m): (i) authorizing, but not directing, the Debtors to (a) continue to operate their existing cash management system, (b) maintain their existing bank accounts and business forms, (c) implement any changes to the existing cash management system as the Debtors deem necessary or appropriate, including, without limitation, opening new bank accounts or closing existing bank accounts, and (d) continue ordinary course Intercompany Transactions; (ii) extending the Debtors' time to comply with the requirements of section 345(b) of the Bankruptcy

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486). The Debtors' mailing address for these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

[2] Capitalized terms used but not defined herein are defined in the Motion.

Code and the U.S. Trustee Guidelines on an interim basis; and (iii) granting any related relief, all as more fully described in the Motion; and upon consideration of the Romcke Declaration; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED as set forth herein.

2. The Debtors are authorized but not directed to continue to use the Cash Management System, including the Bank Accounts, in the ordinary course of business and to implement any changes to the Cash Management System as the Debtors deem necessary or appropriate to the extent not inconsistent with this Order.

3. The Debtors are further authorized but not directed to: (i) continue to use, with the same account numbers, the Bank Accounts in existence on the Petition Date, and need not comply with certain guidelines relating to bank accounts set forth in the U.S. Trustee Operating Guidelines, including, without limitation, the requirement to establish separate accounts for cash collateral and/or tax payments; (ii) treat the Bank Accounts for all purposes as accounts of the Debtors as debtors in possession; (iii) deposit funds in and withdraw funds from the Bank Accounts by all usual means, including, without limitation, by check, wire transfer and other methods; (iv) pay the Service Charges, including, without limitation, any undisputed Service Charges regardless of whether such Service Charge arose before, on or after the Petition

Date; and (v) otherwise perform their obligations under the documents governing the Bank Accounts.

4.     The Debtors are authorized to use, in their present form, all Business Forms and other documents related to the Bank Accounts, without reference to their status as debtors in possession, *provided*, *however*, that if the Debtors exhaust their existing check stock during the pendency of these chapter 11 cases, the Debtors will order checks with a notation indicating the designation "debtor in possession" and the lead case number of these cases, *provided further*, that with respect to checks and other Business Forms which the Debtors or their agents print themselves, the Debtors or their agents shall begin printing "debtor in possession" or "DIP" and the case number for these chapter 11 cases on such items within ten (10) days of the date of the entry of this Order.

5.     The Debtors are authorized to open new bank accounts or close any Bank Accounts as they may deem necessary and appropriate in their sole discretion without further order of this Court; *provided*, *however*, that the Debtors shall provide the U.S. Trustee and counsel to any official committee appointed in these cases notice of the opening of any new bank accounts or closing of any Bank Account (which notice may be provided in the form notation on the Debtors' monthly operating report); and *provided further*, to the extent the Debtors open a new bank account, the Debtors shall open such new bank account(s) at a bank that has executed a Uniform Depository Agreement with the U.S. Trustee, or at a bank that is willing to immediately execute such an agreement.

6.     Except as otherwise expressly provided in this Order, the Banks are authorized to: (i) continue to maintain, service and administer the Bank Accounts as accounts of the Debtors as debtors in possession and provide related treasury, account and cash management

services, all without interruption and in the ordinary course of business; (ii) receive, process, honor and pay, to the extent of available funds, any and all checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn on the Bank Accounts; provided, however, that any check, draft or other notification that the Debtors advise the Banks to have been drawn, issued or otherwise presented before the Petition Date may be honored by the Banks only to the extent authorized by order of the Court; (iii) accept and honor all representations from the Debtors as to which checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items presented, issued or drawn should be honored or dishonored consistent with any order of the Court and governing law, whether such checks, drafts, EFT (including wires or ACH transfers), credit card payments and other items are dated before or after the Petition Date; and (iv) debit or charge the Bank Accounts for all undisputed Bank Fees, whether arising before, on or after the Petition Date.

7. Subject to the terms of this Order, the Banks may rely upon the representations of the Debtors with respect to whether any disbursement should be honored pursuant to any order of this Court, whether or not such disbursements are dated before, on or after the Petition Date, and no Bank that honors a prepetition disbursement that is the subject of this Order (i) at the direction of the Debtors or (ii) in the good-faith belief that this Court has authorized such Disbursement to be honored shall or shall be deemed to have any liability to the Debtors or their estates on account of such disbursement being honored postpetition, or otherwise be deemed to be in violation of this Order.

8. The Debtors are authorized but not directed to continue performing Intercompany Transactions in the ordinary course of business on a postpetition basis. All Intercompany Claims arising after the Petition Date shall be identified as such and accorded

administrative expense priority in accordance with sections 503(b) and 507(a)(2) of the Bankruptcy Code.

9. In connection with the ongoing utilization of the Cash Management System, the Debtors shall continue to maintain records with respect to all transfers of cash in the ordinary course so that all transactions (including Intercompany Transactions) may be readily ascertained, traced, recorded properly, and distinguished between prepetition and postpetition transactions and shall make such records available to the U.S. Trustee upon request.

10. The Debtors shall have 75 days from the date of this Order to comply with the requirements of section 345(b) of the Bankruptcy Code, to the extent applicable, without prejudice to the Debtors' rights to seek a further extension of time or to seek to deviate from the requirements of section 345(b) of the Bankruptcy Code on a further interim or a final basis.

11. For Banks at which the Debtors hold Bank Accounts that are party to a Uniform Depository Agreement with the U.S. Trustee, within 3 business days of the date of entry of this Order, the Debtors shall (i) contact each Bank, (ii) provide the Bank with each of the Debtors' employer identification numbers, and (iii) identify each of their Bank Accounts held at such Banks as being held by a debtor in possession in a bankruptcy case.

12. For Banks at which the Debtors hold accounts that are not party to a Uniform Depository Agreement with the U.S. Trustee, the Debtors shall use their good-faith efforts to cause the Banks to execute a Uniform Depository Agreement in a form prescribed by the Office of the United States Trustee within 75 days of the Petition Date. The U.S. Trustee's rights to seek further relief from this Court on notice in the event that aforementioned banks are unwilling to execute a Uniform Depository Agreement in a form prescribed by the U.S. Trustee are fully reserved.

13. Notwithstanding the Debtors' use of a consolidated cash management system, the Debtors shall calculate quarterly fees under 28 U.S.C. § 1930(a)(6) based on the disbursements of each Debtor, regardless of which entity pays those disbursements.

14. As soon as practicable after entry of this Order, the Debtors shall serve a copy of this Order on the Banks.

15. The Debtors are authorized to take, or cause to be taken, all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

16. The requirements set forth in Bankruptcy Rule 6003 are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

17. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Order shall be effective and enforceable immediately upon its entry.

18. Notice of the Motion as provided therein shall be deemed good and sufficient and the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

19. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation or implementation of this Order.

**EXHIBIT 1**
Debtors' Bank Accounts

|  | Account Holder | Bank Name | Last Four Digits of Account # | Account Type/Purpose |
|---|---|---|---|---|
| 1. | New Elk Coal Company LLC | BMO Harris Bank N.A. | 250-5 | Operating Account |
| 2. | New Elk Coal Company LLC | InBank | 5814 | Check Account |
| 3. | Allegiance Coal USA Limited | BMO Harris Bank N.A. | 450-8 | Intermediary Account |
| 4. | Black Warrior Minerals, Inc. | BMO Harris Bank N.A. | 270-7 | Inactive Account |
| 5. | Black Warrior Minerals, Inc. | Servis 1st Bank | 6792 | Depository Account |
| 6. | Black Warrior Minerals, Inc. | Servis 1st Bank | 6768 | Operating Account |
| 7. | Black Warrior Minerals, Inc. | Servis 1st Bank | 8390 | Payroll Account |