**<u>Exhibit A</u>**

**Proposed Interim Order**

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re | Chapter 11 |
| **ALLEGIANCE COAL USA LIMITED**, *et al.*, | Case No. 23-10234 (CTG) |
| Debtors.[1] | Joint Administration Requested |
| | **Re: D.I. ___** |

### INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO UTILIZE CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION TO THE PREPETITION LENDER; (III) WAIVING ANY STAY OF THE EFFECTIVENESS OF THE RELIEF GRANTED; AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (the "Debtors") for entry of an interim order (this "Interim Order") seeking, among other things:

a. authority to use cash collateral ("Cash Collateral") of their Prepetition Lender within the meaning of sections 363(a) and 363(c) of the Bankruptcy Code to the extent of the budget attached to the Interim Order as **Exhibit 1** (the "Budget");

b. approval of the form and manner of adequate protection to be provided to the Prepetition Lender solely to the extent of any diminution in the value of its cash collateral as a result of the Debtors' use thereof during the Budget period;

c. waiver of any applicable stay, including (to the extent applicable) under Bankruptcy Rule 6004, to provide for immediate effectiveness of the Interim Order; and

d. related relief.

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486). The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

[2] Capitalized terms used but not otherwise defined herein shall have the meanings ascribed to them in the Motion.

and due and appropriate notice of the Motion and the hearing held before the Court on February 23, 2023, to consider entry of this Interim Order having been provided by the Debtors; and it appearing that no other or further notice need be provided; and the Court having reviewed the Motion; and upon the record made by the Debtors in the Motion and at the hearing; and the relief requested in the Motion being reasonable, appropriate, and in the best interests of the Debtors, their creditors, their estates and all other parties in interest in these chapter 11 cases; and the Court having determined that the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors and their estates; and the Court having determined that the legal and factual bases set forth in the Motion and at the hearing establish just cause for the relief granted herein; and after due deliberation and sufficient cause appearing therefor,

**THE COURT HEREBY MAKES THE FOLLOWING FINDINGS OF FACT AND CONCLUSIONS OF LAW:**[3]

A. *Disposition.* The relief requested in the Motion is hereby granted on the terms set forth below. Any objections to the Motion that have not been withdrawn, waived, or settled, and all reservations of rights included therein, are hereby denied and overruled on the merits. This Interim Order shall become effective immediately upon its entry.

B. *Petition Date.* On February 21, 2023 (the "Petition Date"), each of the Debtors filed a voluntary petition for relief under chapter 11 of the Bankruptcy Code with this Court.

C. *Debtors in Possession.* The Debtors continue to operate their businesses and manage their properties as debtors and debtors in possession pursuant to sections 1107(a) and 1108 of the Bankruptcy Code. No party has requested the appointment of a trustee or

examiner in these chapter 11 cases, and no committees have been appointed or designated at this time.

    D.  *Jurisdiction and Venue.* This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012. Consideration of the Motion constitutes a core proceeding under 28 U.S.C. § 157(b)(2). The Court may enter a final order consistent with Article III of the United States Constitution. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409. The predicates for the relief sought are sections 105, 361, 362, 363, and 507 of the Bankruptcy Code, Bankruptcy Rules 2002, 4001, and 9014, and Local Rule 4001-2.

    E.  *Notice.* Due, sufficient and appropriate notice under the circumstances has been provided in compliance with section 102(1) of the Bankruptcy Code, Bankruptcy Rules 2002 and 4001(b) and (d), and the Local Rules.

    F.  *Cash Collateral.* For purposes of this Interim Order, the term "Cash Collateral" shall be deemed to include, without limitation, all of each Debtor's "cash collateral" as defined under section 363 of the Bankruptcy Code, in which the Prepetition Lender has a valid, perfected security interests, liens, or mortgages, regardless of whether such security interests, liens, or mortgages existed as of the Petition Date or pursuant to the provisions of the Bankruptcy Code, subject to the Debtors and other parties' rights to challenge such security interests, liens, or mortgages, all of which are fully preserved and reserved.

    G.  *Necessity of Relief Requested.* Good cause has been shown for the entry of this Interim Order. The Debtors have an immediate need to use Cash Collateral to, among other things, fund the orderly continuation of their business, maintain the confidence of their customers

and vendors, pay their operating expenses, and preserve their going-concern value, consistent with the Budget.  In the absence of the availability of such liquidity in accordance with the terms hereof, the continued operation of the Debtors' business would not be possible, and serious and irreparable harm to the Debtors, their estates, and their creditors would occur.  The terms for the Debtors' use of Cash Collateral pursuant to this Interim Order are fair and reasonable, reflect the Debtors' exercise of prudent business judgment consistent with their fiduciary duties, and constitute reasonably equivalent value and fair consideration.  The Debtors have requested entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2) and (d).  Absent granting the relief sought by this Interim Order, the Debtors' estates would be immediately and irreparably harmed.  The use of Cash Collateral in accordance with this Interim Order is therefore in the best interest of the Debtors and their estates, their creditors, and other parties in interest.

        H.    *Use of Cash Collateral.* All Cash Collateral and all proceeds of the Prepetition Lender may be used as and to the extent set forth in this Interim Order and the Budget.

        I.    *Adequate Protection for the Prepetition Lender.* As a result of the authorization for the Debtors' use of Cash Collateral, the Prepetition Lender is entitled to receive adequate protection pursuant to sections 361, 362, and 363 of the Bankruptcy for any diminution in the value, from and after the Petition Date, of their interests in the Cash Collateral resulting from the Debtors' use of the Cash Collateral.  As adequate protection, the Prepetition Lender will receive the adequate protection described in this Interim Order.

        J.    *Need for Immediate Entry of this Interim Order.* The Debtors have requested immediate entry of this Interim Order pursuant to Bankruptcy Rule 4001(b)(2).  The permission granted herein to use Cash Collateral (and provide adequate protection therefor) is

necessary, essential, and appropriate to avoid immediate and irreparable harm to the Debtors. The Court concludes that entry of this Interim Order is in the best interests of the Debtors' estates and creditors as its implementation will, among other things, allow the Debtors to preserve and maintain the value of their assets and businesses and enhance the Debtors' prospects to maximize value.

Based upon the foregoing findings and conclusions, and upon the record made before the Court at the hearing, and good and sufficient cause appearing therefor,

**IT IS HEREBY ADJUDGED AND ORDERED** that:

1. *Motion Granted.* The Motion is granted on an interim basis in accordance with the terms and conditions set forth in this Interim Order. Any objections to the Motion with respect to entry of this Interim Order to the extent not withdrawn, waived, or otherwise resolved, and all reservations of rights included therein, are hereby denied and overruled.

2. *Authorization to Use Cash Collateral.* The Debtors are authorized to use Cash Collateral as set forth in this Interim Order and the Budget commencing from the Petition Date through and including any Termination Date (as defined herein)

3. *Adequate Protection for the Prepetition Lender.* The Prepetition Lender is entitled, pursuant to sections 361, 362, 363(c)(2) and 363(e) of the Bankruptcy Code, to adequate protection of their interests in the Cash Collateral, solely to the extent of the postpetition diminution in value of such Prepetition Lender's interest in the Cash Collateral resulting from the use, sale or lease by the Debtors of Cash Collateral (collectively, "Diminution in Value"), as follows:

    a. *Replacement Liens*: Replacement liens (the "Adequate Protection Liens," and the property securing such liens, the "Replacement Collateral") on the proceeds of the Debtors' mineral leases; and

      b.    *Superpriority Claims*: Superpriority claims as provided for in section 507(b) of the Bankruptcy Code (the "Adequate Protection Superpriority Claims").

    4.    *Reservation of Rights.* Notwithstanding anything herein to the contrary, the Debtors reserve all of their rights and nothing herein shall prejudice the Debtors' ability, to seek (a) further use of Cash Collateral on any terms and conditions, (b) a surcharge pursuant to section 506(c) of the Bankruptcy Code, (c) marshalling, (d) relief under section 552(b) of the Bankruptcy Code.

    5.    *Termination Events*. The Debtors' right to use Cash Collateral pursuant to the Interim Order shall terminate (the date of any such termination, the "Termination Date") upon any of the following:

      a.    March 4, 2023 (without prejudice to future or amended orders granting extensions of such date); or

      b.    Any of the following shall happen in respect of the Debtors' chapter 11 cases: (i) appointment of a chapter 11 trustee or examiner or (ii) conversion of the cases to chapter 7.

    6.    *Miscellaneous*.

      a.    *Binding Effect.* The provisions of this Interim Order, including all findings herein, shall be binding upon all parties in interest in these chapter 11 cases, including, without limitation, the Prepetition Lender, the Debtors, and their respective successors and assigns (including any trustee hereinafter appointed or elected for the estate of any Debtor, an examiner appointed pursuant to section 1104 of the Bankruptcy Code, or any other fiduciary appointed as a legal representative of the Debtors or with respect to the property of the estate of any of the Debtors).

      b.    *Headings.* The headings in this Interim Order are for purposes of reference only and shall not limit or otherwise affect the meaning of this Interim Order.

    c. *Effectiveness.* This Interim Order shall constitute findings of fact and conclusions of law and shall take effect immediately upon entry hereof, and there shall be no stay of execution of effectiveness of this Interim Order.  To the extent that any finding of fact shall be determined to be a conclusion of law, it shall be so deemed and vice versa.

    d. *No Third-Party Rights.* Except as explicitly provided for herein, this Interim Order does not create any rights for the benefit of any third-party, creditor, equity holder or any direct, indirect, third-party or incidental beneficiary.

    e. *Survival of Interim Order.*  The provisions of this Interim Order and any actions taken pursuant hereto shall survive entry of any order which may be entered (i) confirming any chapter 11 plan of reorganization in these chapter 11 cases, (ii) converting any of these chapter 11 cases to a case under chapter 7 of the Bankruptcy Code, (iii) to the extent authorized by applicable law, dismissing any of these chapter 11 cases, (iv) withdrawing of the reference of any of these chapter 11 cases from the Court, or (v) providing for abstention from handling or retaining of jurisdiction of any of these chapter 11 cases in the Court.

    f. *Order Immediately Effective.* Notwithstanding Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order are effective immediately and enforceable upon its entry.

    g. *Debtor Authorization to Effectuate Relief.*  The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order.

    h. *Exclusive Jurisdiction.* This Court retains exclusive jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

## **Exhibit 1**

**Budget**

**Allegiance Coal USA Limited**
*Forecast 2.22.2023*
*US$ in Thousand*

| Week ending | 1<br>2/24/2023 | 2<br>3/3/2023 |
|---|---:|---:|
| **Receipts** | | |
| Coal Sales | $ 475 | $ 6,625 |
| Other Receipts | $ - | $ - |
| **Total Receipts** | $ 475 | $ 6,625 |
| | | |
| **Operating Disbursements** | | |
| Payroll | $ (532) | $ (275) |
| Other Disbursements | $ (1,481) | $ (2,270) |
| **Total Operating Disbursements** | $ (2,013) | $ (2,545) |
| | | |
| **Net Cash Flow From Operations** | $ (1,538) | $ 4,080 |
| | | |
| **Restructuring Disbursements** | | |
| | | |
| **Total Restructuring Disbursements** | $ - | $ - |
| | | |
| **Financing Activity** | | |
| | | |
| **Total Financing Activity** | $ - | $ - |
| | | |
| **Total Cash Flow** | $ (1,538) | $ 4,080 |
| | | |
| **Beginning Cash Balance** | $ 1,730 | $ 192 |
| **Ending Cash Balance** | $ 192 | $ 4,272 |