

**PACHULSKI STANG ZIEHL & JONES**

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

SAN FRANCISCO, CA
LOS ANGELES, CA
WILMINGTON, DE
NEW YORK, NY
HOUSTON, TX

ONE SANSOME STREET
34th FLOOR, SUITE 3430
SAN FRANCISCO
CALIFORNIA 94104

TELEPHONE: 415.263.7000
FACSIMILE: 415.263.7010

LOS ANGELES
10100 SANTA MONICA BLVD.
13th FLOOR
LOS ANGELES
CALIFORNIA 90067-4003

TELEPHONE: 310.277.6910
FACSIMILE: 310.201.0760

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: 302.652.4100
FACSIMILE: 302.652.4400

NEW YORK
780 THIRD AVENUE
34th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: 212.561.7700
FACSIMILE: 212.561.7777

TEXAS
440 LOUISIANA STREET
SUITE 900
HOUSTON
TEXAS 77002-1062

TELEPHONE: 713.691.9385
FACSIMILE: 713.691.9407

WEB: www.pszjlaw.com

---

John W. Lucas

February 28, 2023

415.217.5108
Jlucas@pszjlaw.com

**VIA EMAIL**

The Honorable Craig T. Goldblatt
United States Bankruptcy Judge
U.S. Bankruptcy Court for the District of Delaware
824 N. Market St., 3rd Floor, Courtroom 7
Wilmington, DE 19801

Re:  **Allegiance Coal USA Limited, et al.
(the "Debtors"), Case 23-10234 (CTG)**

Dear Judge Goldblatt:

As you know, we are counsel to Collins St, the senior secured creditor in the above matter. I write in response to the letter submitted by the Debtors' counsel dated February 27, 2023 regarding a discovery dispute. Pursuant to Section 363(p)(1) of the Bankruptcy Code, the Debtors have the burden to show that Collins St. is adequately protected. At the February 23, 2023 hearing last week, the Debtors presented a two-week budget for the purpose of using Collins St.'s cash collateral through March 3, 2023. Absent an agreement prior to March 3, 2023, the Debtors must show that they met their projections for the two-week period and have the ability to continue meeting their projections for the next thirteen weeks as set forth in the fifteen-week budget presented at last week's hearing.

Since last week's hearing, Collins St. has provided loan and security documents and evidence of perfection to the Debtors. It is now the Debtors' burden to show that Collins St. is adequately protected. 11 U.S.C. § 363(p)(1). Here, the Debtors are seeking valuation information from Collins St. that was prepared by a third party last year using assumptions that are no longer relevant. If the Debtors intend to value the assets used as Collins St.'s collateral, then they should engage an expert who can evaluate the collateral, submit a report, and make their expert subject to deposition by Collins St. The primary issue for the March 3, 2023 hearing

DOCS_SF:108559.2 15325/001



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

The Honorable Craig T. Goldblatt
February 28, 2023
Page 2

(assuming that it goes forward), however, is whether the Debtors are able to meet their projections in the budget.

   Notably, the Debtors have not yet sent Collins St. a budget that reflects all of the administrative expenses that are being accrued (*e.g.*, the prior budgets were missing restructuring costs). In addition, Collins St. requested information from the Debtors that relates to the adequate protection under the interim cash collateral order (i.e., information that shows the geographic location or source of all coal mined or extracted from both New Elk and Black Warrior mines; information should include all coal mined since the petition date (and the coal receipts related thereto, if any), all coal mined prior to the petition date (but remains unsold), and all coal mined prior to the petition that was sold prior to the petition date (and all coal receipts related thereto, if any). The above information will show whether or not there are any unencumbered assets to adequately protect Collins St.'s cash collateral.

   In addition, Collins St. asked for the following information, which has not been provided to date:

- Monthly internal financial statements beginning January 2022 to date.
- Production and sales statistics relating to the Debtors' financial statements from January 2022 to date.
- 13-week cash flow forecast (i.e., the version presented at the hearing) along with underlying assumptions if operations and sales continue.
- 13-week cash flow under a care and maintenance budget.
- Details of current assets that will convert to cash, as of today (e.g., accounts receivable aging by customer, plus any others).
- Weekly sources and uses of cash postpetition as of petition date through end of budget period.
- Coal sales commitments schedule including tone and price.
- As part of any DIP financing process, an equipment list with equipment hours, and whatever else the Debtors are providing to potential DIP lenders.
- On a Debtor by Debtor basis, current stockpile by tons/location.



LAW OFFICES

The Honorable Craig T. Goldblatt
February 28, 2023
Page 3

      The above information is necessary for Collins St. to assess whether the Debtors have the ability to meet their fifteen-week cash flow projections and whether the cases are at risk of being administratively insolvent.

      As things stand now, the Debtors have all documents that they are entitled to receive from Collins St. and should turn over the information Collins St. has requested above. Finally, it bears mention that the Debtors and Collins St. are currently negotiating the terms of a possible consensual cash collateral order, which could resolve certain of the discovery issues above. No agreement has yet been reached on the form of such order or the budget that would be attached thereto.

Respectfully,

John W. Lucas