IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br>**ALLEGIANCE COAL USA LIMITED**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10234 (CTG)<br><br>Jointly Administered<br><br>**RE: D.I. 57** |

**INTERIM ORDER (I) AUTHORIZING THE DEBTORS TO ENTER INTO AND PERFORM UNDER NEW COAL SALE CONTRACTS IN THE ORDINARY COURSE OF BUSINESS, AND (II) GRANTING RELATED RELIEF**

Upon the motion (the "Motion")[2] of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order"), (i) authorizing the Debtors to enter into and perform under postpetition Coal Sale Contracts in the ordinary course of business, (ii) granting related relief, and (iii) scheduling a final hearing to consider approval of the Motion on a final basis; all as more fully set forth in the Motion; and upon the Romcke Declaration; and this Court having jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the *Amended Standing Order of Reference* from the United States District Court for the District of Delaware, dated February 29, 2012, and this Court having found that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); and this Court having found that venue of this proceeding and the Motion in this district is proper pursuant to 28 U.S.C. §§ 1408 and 1409; and this Court having found that the relief requested in the Motion is in the best interests of the

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486). The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

[2] Capitalized terms used but not defined herein are defined in the Motion.

Debtors' estates, their creditors, and other parties in interest; and this Court having found that the Debtors' notice of the Motion and opportunity for a hearing on the Motion were appropriate under the circumstances and no other notice need be provided; and this Court having reviewed the Motion and having heard the statements in support of the relief requested therein at a hearing before this Court (the "Hearing"); and this Court having determined that the legal and factual bases set forth in the Motion and at the Hearing establish just cause for the relief granted herein; and upon all of the proceedings had before this Court; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. The final hearing (the "Final Hearing") on the Motion shall be held on March 31, 2023, at 9:30 a.m., prevailing Eastern Time. Any objections or responses to entry of a final order on the Motion shall be filed on or before 4:00 p.m., prevailing Eastern Time, on March 24, 2023.

3. The Debtors are authorized, but not directed, to enter into and fully perform under Coal Sale Contracts and take any actions and execute any agreements or other documentation that are necessary or desirable to effectuate the transactions contemplated thereunder, all in the ordinary course of the Debtors' business. Nothing herein shall impair the Debtors' ability to conduct their business in the ordinary course of business without seeking approval of this Court.

4. Pursuant to sections 105(a), 363(b), and 363(f) of the Bankruptcy Code, the Debtors are authorized to sell, transfer and convey the coal assets in accordance with the terms of

any Coal Sale Contracts (the "Coal Assets") and any such sales, transfers and conveyances shall be valid, legal, binding, and effective, and shall vest the purchasers (which may be Marco), with all right, title, and interest of the Debtors in respect of such Coal Assets; and shall be free and clear of all liens, encumbrances, claims or interests (the "Encumbrances"), with all such Encumbrances to attach to the cash proceeds of such sales, transfers and conveyances in the order of their priority, with the same validity, force, and effect that they now have as against the Coal Assets, subject to any claims and defenses the Debtors and their bankruptcy estates may possess with respect thereto.

5. In connection with any Coal Sale Contracts:

a. In the event of a material breach or default under any Coal Sale Contract and upon three (3) business days' notice to the Debtors and counsel for the Noteholder thereof (during which time the Debtors can cure any default), without further notice or relief from the Court, a counterparty to such Coal Sale Contract may immediately exercise all rights and remedies under such Coal Sale Contract, with this Court retaining jurisdiction over any such dispute concerning such Coal Sale Contract.

b. The automatic stay pursuant to section 362 of the Bankruptcy Code is hereby vacated and modified to the extent necessary to effectuate all of the terms and provisions of this Order.

6. The contents of the Motion satisfy the requirements of Bankruptcy Rule 6003(b).

7. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and, to the extent applicable, the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

8. Notwithstanding Bankruptcy Rule 6004(h) (to the extent applicable), the terms and conditions of this Interim Order are immediately effective and enforceable upon its entry.

9. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

10. This Court retains jurisdiction with respect to all matters arising from or related to the implementation, interpretation, and enforcement of this Interim Order.

**Dated: March 9th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**