IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| **In re** <br><br> **ALLEGIANCE COAL USA LIMITED**, *et al.*, <br><br> Debtors.¹ | Chapter 11 <br><br> Case No. 23-10234 (CTG) <br><br> Jointly Administered <br><br> **Re: D.I. 64** |

### INTERIM ORDER (I) PROHIBITING UTILITY PROVIDERS FROM ALTERING, REFUSING OR DISCONTINUING UTILITY SERVICES, (II) APPROVING PROPOSED ADEQUATE ASSURANCE OF PAYMENT TO UTILITY PROVIDERS AND AUTHORIZING DEBTORS TO PROVIDE ADDITIONAL ASSURANCE, (III) ESTABLISHING PROCEDURES TO RESOLVE REQUESTS FOR ADDITIONAL ASSURANCE AND (IV) GRANTING RELATED RELIEF

Upon the motion (the "Motion")² of the above-captioned debtors and debtors in possession (collectively, the "Debtors") for entry of an interim order (this "Interim Order") and final order (the "Final Order"), (i) prohibiting Utility Providers from altering, refusing, or discontinuing services or discriminating against the Debtors solely on the basis of the commencement of these cases or that the Debtors did not pay a debt when due prepetition; (ii) determining that adequate assurance of payment for postpetition utility services has been furnished to the Utility Providers providing services to the Debtors and authorizing the Debtors to provide additional adequate assurance of payment to the Utility Providers; (iii) establishing procedures for resolving requests by any Utility Provider for additional adequate assurance of payment; and (iv)

---

¹ The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486). The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

² Capitalized terms not defined herein are used as defined in the Motion.

granting related relief, all as more fully described in the Motion; and due and sufficient notice of the Motion having been given under the circumstances; and it appearing that no other or further notice need be provided under the circumstances; and it appearing that the relief requested by this Motion is in the best interests of the Debtors, their estates, their creditors, and other parties in interest; and after due deliberation and sufficient cause appearing therefor;

IT IS HEREBY ORDERED THAT:

1. The Motion is GRANTED on an interim basis as set forth in this Interim Order.

2. Absent compliance with the Additional Assurance Procedures set forth in the Motion and this Interim Order, the Utility Providers are prohibited from altering, refusing, or discontinuing service on account of the commencement of these chapter 11 cases and/or any unpaid prepetition charges and are deemed to have received adequate assurance of payment in accordance with section 366 of the Bankruptcy Code.

3. Any bonds or security deposits that were in place prior to the Petition Date shall remain in place and shall continue to be held by those Utility Providers holding the same, except upon either (a) written agreement(s) between the Debtors and Utility Providers without further order of the Court or (b) further order(s) of the Court.

4. The Debtors shall, within 20 days of the Petition Date, furnish Utility Providers with adequate assurance of payment for postpetition services by establishing the Adequate Assurance Deposit in the amount of $9,385 and depositing such amount in the Utility Deposit Account. The foregoing amount may be adjusted by the Debtors as follows: (i) reducing the amount held in the Utility Deposit Account to account for the payment and termination of Utility Services by the Debtors for any given account; (ii) modifying the amount held in the Utility

Deposit Account on the basis of agreements reached with Utility Providers regarding Additional Assurance Requests, including, to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, reducing the Adequate Assurance Deposit maintained in the Utility Deposit Account on account of such Utility Provider by the amount of such other value; and (iii) adding additional amounts in the event that the Debtors amend the Utility Providers List to add one or more additional Utility Providers.

5. The obligation to maintain the Adequate Assurance Deposit shall terminate upon the earlier of: (i) the sale of all or substantially all of the Debtors' assets; (ii) the effective date of a chapter 11 plan; or (iii) the date these cases are dismissed or converted to chapter 7 of the Bankruptcy Code.

6. The following Additional Assurance Procedures are hereby approved in their entirety on an interim basis:

> (a) Absent compliance with the Additional Assurance Procedures, no Utility Provider may alter, refuse or discontinue service to or otherwise discriminate against the Debtors on account of the commencement of these chapter 11 cases or any unpaid prepetition charges, or request payment of a deposit or receipt of other security in connection with any unpaid prepetition charges.
>
> (b) The Debtors will serve copies of the Motion and this Interim Order via first-class mail, within three (3) business days after the date that this Interim Order is entered by the Court on all Utility Providers identified on the Utility Providers List. In the event that any Utility Provider has been omitted from the Utility Providers List, the Debtors will supplement the Utility Providers List and promptly serve copies of the Motion and this Interim Order on such Utility Provider upon learning of such omission.
>
> (c) The Debtors will deposit the Adequate Assurance Deposit into the Utility Deposit Account within 20 days of the Petition Date. In the event of a postpetition default and payment, each Utility Provider shall be entitled to the funds in the Utility Deposit Account in the amount set forth for such Utility Provider in the column labeled "Adequate Assurance Deposit" on the Utility Providers List;

3

|     |     |
| --- | --- |
|     | provided that to the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Utility Deposit Account on account of such Utility Provider by the amount of such other value. |
| (d) | Any Utility Provider desiring Additional Assurance must serve a written request (an "Additional Assurance Request") on: (i) the Debtors, 12250 Highway 12, Weston, CO 81091, Attn: Chris Walker, Chief Financial Officer (cwalker@alleigancecoal.com.au); and (ii) proposed counsel to the Debtors, Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware, 19801, Attn: Robert J. Dehney (rdehney@morrisnichols.com), Matthew B. Harvey (mharvey@morrisnichols.com), and Paige N. Topper (ptopper@morrisnichols.com) (the "Notice Parties"). |
| (e) | Any Additional Assurance Request must: (i) be made in writing; (ii) set forth the type of Utility Service(s) provided and the applicable account number(s); and (iii) include a proposal for what the Utility Provider believes would constitute adequate assurance from the Debtors, along with an explanation as to why the Utility Provider believes the Proposed Adequate Assurance is not sufficient adequate assurance of postpetition payment in light of the circumstances. |
| (f) | Upon the Debtors' receipt of an Additional Assurance Request at the addresses set forth above, the Debtors shall have until (i) the greater of 14 days from receipt of the request or 30 days from the Petition Date or (ii) such other date as the parties mutually agree (the "Resolution Period") to negotiate with such Utility Provider to resolve such Utility Provider's request for additional assurance of payment. |
| (g) | The Debtors may, in their discretion, resolve any Additional Assurance Request by mutual agreement with the Utility Provider and without further order of the Court, and may, in connection with any such agreement, in their discretion, provide a Utility Provider with Additional Assurance in the form of, but not limited to, cash deposits, prepayments and/or other forms of security, without further order of this Court if the Debtors and the Utility Provider believe such Additional Assurance is reasonable. To the extent any Utility Provider receives any other value from the Debtors as adequate assurance of payment, the Debtors may reduce the Adequate Assurance Deposit maintained in the Utility Deposit Account on account of such Utility Provider by the amount of such other value upon notice to the Utility Provider. |

    (h)    If the Debtors determine that an Additional Assurance Request is not reasonable and/or they are not able to reach an alternative resolution with the Utility Provider during the Resolution Period, the Debtors will schedule a hearing (the "<u>Determination Hearing</u>") before this Court on the next scheduled omnibus hearing date or by request of both parties to determine the adequacy of assurances of payment with respect to that Utility Provider pursuant to section 366(c)(3) of the Bankruptcy Code.

    (i)    During any Resolution Period, and, if applicable, pending the outcome by final order of any Determination Hearing, the relevant Utility Provider shall be restrained from discontinuing, altering or refusing service to the Debtors on account of: (i) unpaid charges for prepetition services; (ii) a pending Additional Assurance Request; (iii) any objections filed in response to the Proposed Adequate Assurance or to the Additional Assurance Procedures; or (iv) the commencement of these chapter 11 cases.

7.    The Debtors are authorized, in their sole discretion, to amend the Utility Providers List to add or delete any Utility Provider, and this Interim Order shall apply to any Utility Provider that is subsequently added to the Utility Service List. Any such amended Utility Providers List shall be filed with the Court and served with this Interim Order.

8.    The inclusion of any entity in, or the omission of any entity from, the Utility Providers List shall not be deemed an admission by the Debtors that such entity is or is not a "utility" within the meaning of section 366 of the Bankruptcy Code, and the Debtors' rights and defenses with respect thereto are reserved and preserved.

9.    Nothing in the Motion or in this Interim Order is intended or should be construed as (a) an admission as to the validity or priority of any claim against the Debtors, (b) a waiver of the Debtors' rights to dispute any claim, including the validity or priority thereof or (c) an approval or assumption of any agreement, contract or lease whether under section 365(a) of the Bankruptcy Code or otherwise. Likewise, any payment made pursuant to this Interim Order is not

intended and should not be construed as an admission as to the validity of any claim or a waiver of the Debtors' rights to subsequently dispute such claim.

10. Responses or objections to the Motion and entry of a final order with respect to the Motion must: (a) be made in writing; (b) state with particularity the grounds therefor; (c) conform to the Bankruptcy Rules and the Local Rules; and (d) be served upon (i) Morris, Nichols, Arsht & Tunnell LLP, 1201 N. Market Street, 16th Floor, Wilmington, Delaware, 19801, Attn: Robert J. Dehney (rdehney@morrisnichols.com), Matthew B. Harvey (mharvey@morrisnichols.com), and Paige N. Topper (ptopper@morrisnichols.com); (ii) counsel to the Prepetition Lender, Pachulski Stang Ziehl & Jones LLP, 919 N. Market Street, 17th Floor, Wilmington, Delaware, 19801, Attn: James E. O'Neill (joneill@pszjlaw.com) and Colin R. Robinson (crobinson@pszjlaw.com) and Pachulski Stang Ziehl & Jones LLP, 10100 Santa Monica Boulevard, 13th Floor, Los Angeles, CA 90067. Attn: John W. Lucas (jlucas@pszjlaw.com) and Pachulski Stang Ziehl & Jones LLP, 150 California Street, 15th Floor, San Francisco, California 94111, Attn: Maxim B. Litvak (mlitvak@pszjlaw.com); and (iii) the Office of the United States Trustee for the District of Delaware, 844 N. King Street, Wilmington, Delaware 19801, Attn: Timothy J. Fox (timothy.fox@usdoj.gov) (the "Notice Parties").

11. The deadline by which responses or objections to the Motion and the final order must be filed and received by the Notice Parties is March 24, 2023 at 4:00 p.m. (prevailing Eastern Time). A final hearing, if required, on the Motion will be held on March 31, 2023 at 9:30 a.m. (prevailing Eastern Time). If no responses or objections are filed to the Motion and entry of this Interim Order on a final basis, the Court may enter a final order without further notice or a hearing.

12. The Debtors are authorized to take all actions necessary to effectuate the relief granted in this Interim Order in accordance with the Motion.

13. The requirements of Bankruptcy Rule 6003(b) are satisfied because the relief requested in the Motion is necessary to avoid immediate and irreparable harm to the Debtors.

14. Notice of the Motion as provided therein shall be deemed good and sufficient notice of such Motion and, to the extent possible, the requirements of Bankruptcy Rule 6004(a) and the Local Rules are satisfied by such notice.

15. Notwithstanding any applicability of Bankruptcy Rule 6004(h), the terms and conditions of this Interim Order shall be effective and enforceable immediately upon its entry.

16. The Court retains jurisdiction with respect to all matters arising from or related to the interpretation, implementation, and enforcement of this Interim Order.

**Dated: March 9th, 2023**
**Wilmington, Delaware**

**CRAIG T. GOLDBLATT**
**UNITED STATES BANKRUPTCY JUDGE**