# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re<br><br>**ALLEGIANCE COAL USA LIMITED**, *et al.*,<br><br>Debtors.[1] | Chapter 11<br><br>Case No. 23-10234 (CTG)<br><br>Jointly Administered<br><br>**Hearing Date:**<br>March 31, 2023 at 9:30 a.m. (ET)<br><br>**Objection Deadline:**<br>March 24, 2023 at 4:00 p.m. (ET) |

## DEBTORS' MOTION FOR ENTRY OF AN ORDER EXTENDING THE TIME TO FILE SCHEDULES OF ASSETS AND LIABILITIES AND STATEMENTS OF FINANCIAL AFFAIRS

The above-captioned debtors and debtors in possession (collectively, the "Debtors") respectfully move (the "Motion") as follows:

### RELIEF REQUESTED

1. The Debtors request entry of an order, substantially in the form attached hereto as **Exhibit A**, extending the time within which the Debtors must file schedules of assets and liabilities and statements of financial affairs (collectively, the "Schedules and Statements") through and including April 20, 2023, which is 58 days after the Petition Date, without prejudice to the Debtors' right to request further extensions of the deadline.

### JURISDICTION

2. This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. §§ 157 and 1334, and the *Amended Standing Order of Reference* from the United States

---

[1] The Debtors in these cases, along with the last four digits of each Debtor's federal EIN, are as follows: Allegiance Coal USA Limited (1324); New Elk Coal Holdings LLC (1314); New Elk Coal Company LLC (0615); and Black Warrior Minerals, Inc. (6486). The Debtors' mailing address for purposes of these chapter 11 cases is 12250 Highway 12, Weston, CO 81091.

District Court for the District of Delaware dated as of February 29, 2012. This is a core proceeding under 28 U.S.C. § 157(b). Venue of these cases and the Motion is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtors consent pursuant to rule 9013-1(f) of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection with this Motion to the extent that it is later determined that the Court, absent consent of the parties, cannot enter final orders or judgments in connection herewith consistent with Article III of the United States Constitution.

4. The statutory bases for the relief requested herein are sections 105(a) and 521 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "Bankruptcy Code"), as supplemented by rules 1007(c) and 9006(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and Local Rule 1007-1(b).

## BACKGROUND

5. On February 21, 2023 (the "Petition Date"), the Debtors each commenced a voluntary case under chapter 11 of the Bankruptcy Code in this Court. The Debtors' chapter 11 cases are jointly administered for procedural purposes. The Debtors are operating their businesses as debtors in possession pursuant to sections 1107 and 1108 of the Bankruptcy Code. No trustee, examiner, or official committee has been appointed in these cases.

6. The Debtors' core business is mining and processing metallurgical coal for export to steel mills on the seaborne market. The Debtors operate two coal mines in the United States. Through both underground and surface mining methods, the Debtors extract met coal—also known as metallurgical, steelmaking or coking coal—for use in steel production.

Once extracted, the Debtors transfer their coal to various ports in the United States for exporting to the global seaborne market.

7. Additional detail regarding the Debtors, their business, and the events leading to commencement of these cases is set forth in the Declaration of Jonathan Romcke in Support of Emergency Relief (D.I. 10).

## BASIS FOR RELIEF

8. Under section 521 of the Bankruptcy Code and Bankruptcy Rule 1007, a debtor is required to file schedules and statements of assets and liabilities within fourteen days of the petition date. Local Rule 1007-1(b) extends the deadline to file the schedules and statements of assets and liabilities to 28 days after the petition date if the debtor files a list of creditors with its petition that includes more than 200 creditors. Because the Debtors have more than 200 creditors, their deadline under Local Rule 1007-1(b) is March 21, 2023, unless further extended.

9. Bankruptcy Rule 1007 provides that an extension of time for filing of schedules and statements of assets and liabilities may be granted "on motion for cause shown." Fed. R. Bankr. P. 1007(a). Similarly, Local Rule 1007-1(b) provides that an extension of the time to file the Schedules and Statements "shall be granted, for cause, only upon filing of a motion by the debtor." Del. Bankr. L.R. 1007-1(b).

10. The Debtors submit that under the circumstances, good and sufficient cause exists to extend the deadline to file the Schedules and Statements as requested herein. Given the emergency nature of these chapter 11 cases, the Debtors have devoted, and are still continuing to devote, significant resources and efforts to transitioning into bankruptcy in a way that maximizes the value of their estates, including obtaining on an interim basis use of cash

collateral (initially over the Prepetition Lender's objection), marketing for debtor-in-possession financing, seeking customary "first day" relief to maintain business operations, and negotiating new coal sale agreements to increase revenue. As a result, the Debtors have not had the opportunity to gather the necessary information to prepare and file the Schedules and Statements, which will be a time-intensive exercise.

11. The Debtors estimate they have hundreds of creditors. To prepare the Schedules and Statements, the Debtors must gather information from books, records and documents relating to their different business operations. Collecting the information necessary to complete the Schedules and Statements will require substantial time and effort on the part of the Debtors, their employees and their advisors. In view of the amount of work entailed in completing such a project, as well as the competing demands upon the Debtors' employees in the initial postpetition period to stabilize operations, the Debtors may not be able to satisfactorily prepare accurate Schedules and Statements within 28 days of the Petition Date as outlined in Bankruptcy Rule 1007(c) and Local Rule 1007-1(b).

12. The Debtors recognize the importance of the Schedules and Statements and have mobilized their personnel and professionals to work diligently on preparing the Schedules and Statements to file them as quickly as possible. At the present time, it is anticipated that a 30-day extension will be needed to complete the Schedules and Statements.

13. Accordingly, the Debtors request that the Court extend the deadline by which the Debtors must file their Schedules and Statements through and including April 20, 2023, which is 58 days after Petition Date, without prejudice to the Debtors' right to request further extensions of the deadline.

14. The relief requested in this Motion is in the best interest of the Debtors' estates and is not prejudicial to the rights of any party in interest in these cases.

## NOTICE

15. Notice of this Motion will be provided to: (a) the Office of the United States Trustee; (b) Collins St; (c) Cline Mining Corporation; (d) the Debtors' Top 30 largest unsecured creditors; (e) the Internal Revenue Service; (f) the Securities and Exchange Commission; (g) Delaware Secretary of States; (h) Delaware State Treasury; and (i) any party that has requested notice pursuant to Bankruptcy Rule 2002. Due to the nature of the relief request herein, the Debtors respectfully submit that no further notice of this Motion is necessary.

[*Remainder of Page Left Intentionally Blank*]

**CONCLUSION**

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached as **Exhibit A**, granting the relief requested in this Motion, and grant such other relief as is just and proper under the circumstances.

Dated: March 14, 2023  
      Wilmington, Delaware

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Evanthea Hammer*
Robert J. Dehney (No. 3578)
Matthew B. Harvey (No. 5186)
Paige N. Topper (No. 6470)
Taylor M. Haga (No. 6549)
Evanthea Hammer (No. 7061)
1201 N. Market Street, 16th Floor
Wilmington, Delaware 19801
Telephone: (302) 658-9200
Facsimile: (302) 658-3989
rdehney@morrisnichols.com
mharvey@morrisnichols.com
ptopper@morrisnichols.com
thaga@morrisnichols.com
ehammer@morrisnichols.com

*Proposed Counsel to the Debtors and Debtors in Possession*