**Exhibit 15**
**Secretary's Certificate of Allegiance Coal USA Limited**

# SECRETARY'S CERTIFICATE
## OF
## ALLEGIANCE COAL USA LIMITED

### May 24, 2022

The undersigned, Jonathan Reynolds, as the duly elected Secretary of Allegiance Coal USA Limited, a Delaware corporation (the "**Company**"), is delivering this Secretary's Certificate pursuant to the Convertible Note Agreement dated on or about the date hereof (the "**Agreement**"), among the Company, Allegiance Coal Limited, an Australian corporation ("**ACL**"), and Collins Street Convertible Notes Pty Ltd ("**Noteholder**"), and pursuant to the Guaranty and Security Agreement, dated on or about the date hereof (the "**Security Agreement**"), by and between the Company, ACL, the Noteholder, New Elk Coal Holdings LLC, a Delaware limited liability company ("**NECH**"), New Elk Coal Company LLC, a Colorado limited liability company ("**NECC**"), North Central Energy Company, a Colorado corporation ("**NCEC**"), Raton Basin Analytic LLC, a Colorado limited liability company ("**RBA**"), and Black Warrior Minerals, Inc., an Alabama corporation ("**BWM**," and together with the Company, ACL, NECH, NECC, the "**Grantors**") and the other documents in connection with the Agreement and Security Agreement, including the Assignments, the Mortgages, the Deed, the Note, the Subordination Agreements, and all financing statements (or comparable documents now or hereafter filed in accordance with the UCC or other applicable law) (collectively, the "**Transaction Documents**"). The undersigned hereby certifies on behalf of the Company that:

1. He is the duly elected, qualified and acting Secretary of the Company;

2. Attached hereto as <u>Exhibit A</u> is a true and correct copy of the Company's Certificate of Incorporation as in full force and effect as of the date hereof, which has not been amended or modified;

3. Attached hereto as <u>Exhibit B</u> is a true and complete copy of the By-laws of the Company as in full force and effect on the date hereof;

4. Attached hereto as <u>Exhibit C</u> is a true, correct and complete copy of the resolutions duly adopted by the Company's board of directors authorizing the consummation of the transactions contemplated by the Transaction Documents, which resolutions have not been revoked, amended, supplemented or modified and are in full force and effect on the date hereof. No other authorization, approval or consent is required on the part of the Company or its directors, officers or shareholders in relation thereto;

5. <u>Exhibit D</u> contains true, genuine and complete signatures of the Company's incumbent directors and officers;

6. Attached hereto as <u>Exhibit E</u> is a true and complete copy of the Good Standing Certificate of the Company.

IN WITNESS WHEREOF, the undersigned has executed this Secretary's Certificate on behalf of the Company as of the date first above written.

**ALLEGIANCE COAL USA LIMITED**

By_____
Name: Jonathan Reynolds
Title: Secretary

**EXHIBIT A**

Certificate of Incorporation

[see attached]



# Delaware

### The First State

Page 1

*I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY THE ATTACHED IS A TRUE AND CORRECT COPY OF THE CERTIFICATE OF INCORPORATION OF "ALLEGIANCE COAL USA LIMITED", FILED IN THIS OFFICE ON THE NINTH DAY OF DECEMBER, A.D. 2019, AT 5:07 O`CLOCK P.M.*

*A FILED COPY OF THIS CERTIFICATE HAS BEEN FORWARDED TO THE NEW CASTLE COUNTY RECORDER OF DEEDS.*



Jeffrey W. Bullock, Secretary of State

7692949  8100
SR# 20198521956

Authentication: 202187283
Date: 01-14-20

You may verify this certificate online at corp.delaware.gov/authver.shtml

State of Delaware
Secretary of State
Division of Corporations
Delivered  05:07 PM 12/09/2019
FILED  05:07 PM 12/09/2019
SR 20198521956 - File Number  7692949

# CERTIFICATE OF INCORPORATION
## OF
## ALLEGIANCE COAL USA LIMITED

(A Delaware corporation)

## ARTICLE I
## NAME OF CORPORATION

The name of the corporation is Allegiance Coal USA Limited (the "**Corporation**").

## ARTICLE II
## PURPOSES AND POWERS OF CORPORATION

2.1.  <u>Purposes</u>.  The purposes for which the Corporation is organized are to engage in any lawful business for which Corporations may be incorporated under the Delaware General Corporation Law, as amended (the "**Act**").

2.2.  <u>Powers</u>.  In furtherance of these purposes, the Corporation has and may exercise all of the rights, powers, and privileges conferred upon a corporation incorporated under the Act. In addition, the Corporation may do all things necessary, convenient, suitable, or proper to carry out its business and affairs.

## ARTICLE III
## SHARES

3.1.  <u>Authorized Shares</u>.  The Corporation has the authority to issue a total of One Thousand (1,000) shares of capital stock, which will be designated as common stock, with a par value of $0.001 per share.

3.2.  <u>No Preemptive Rights</u>.  No stockholder of the Corporation, including but not limited to, a holder of a security convertible into shares or carrying a right to subscribe for or acquire shares, has any preemptive right to acquire unissued shares of the Corporation.

3.3.  <u>No Cumulative Voting</u>.  No cumulative voting will be permitted in the election of directors or for any other purpose.

## ARTICLE IV
## INITIAL REGISTERED OFFICE AND REGISTERED AGENT

The street address of the initial registered office of the Corporation in the state of Delaware is Corporation Trust Center, 1209 Orange Street, City of Wilmington, County of New Castle, in the State of Delaware 19801. The initial registered agent at that address is The Corporation Trust Company.

## ARTICLE V
INCORPORATOR

The name and mailing address of the incorporator are:

Sandra L. Wainer                1550 17th Street, Suite 500
                                Denver, Colorado  80202

## ARTICLE VI
LIABILITY

6.1.    <u>Limitation of Personal Liability</u>.  The personal liability of each director of the Corporation for breach of fiduciary duty as a director is eliminated to the fullest extent permissible under the Act, including, without limitation, pursuant to Section 102(b)(7) of the Act.

6.2.    <u>Scope of Indemnification.</u>  The Corporation is authorized to provide indemnification of, and advance expenses to, directors, officers, employees, fiduciaries, and other agents to the fullest extent permissible under the Act.

6.3.    <u>Amendment, Modification, or Repeal</u>.  Any amendment, modification, or repeal of all or part of this <u>Article VI</u> shall not adversely affect any right or protection of a director, officer, employee, fiduciary, or other agent under this <u>Article VI</u> in respect of any action or omission occurring prior to the time of such amendment, modification, or repeal.

## ARTICLE VII
BYLAWS

The Board of Directors of the Corporation is expressly authorized to adopt, amend, or repeal the bylaws of the Corporation, but such authorization shall not divest the stockholders of the power, nor limit their power to adopt, amend, or repeal the bylaws.

SIGNED this 9th day of December, 2019.

Sandra L. Wainer
Incorporator

**EXHIBIT B**

<u>By-laws</u>

[see attached]

**BYLAWS
OF
ALLEGIANCE COAL USA LIMITED
Adopted December 19, 2019**

**ARTICLE I
OFFICES**

1.1     Offices.

The registered office of Allegiance Coal USA Limited (the "**Corporation**") in the State of Delaware will be as provided for in the Certificate of Incorporation of the Corporation as amended from time to time (the "**Certificate of Incorporation**").  The Corporation will have offices at such other places as the board of directors may from time to time determine.

**ARTICLE II
STOCKHOLDERS**

2.1     Annual Meetings.

The annual meeting of stockholders for the election of directors and for the transaction of such other business as may properly come before the meeting will be held on the date and at the time fixed, from time to time, by resolution of the board of directors.  Each such annual meeting will be held at such place, within or without the State of Delaware, as will be determined by the board of directors.  The day, time, and place of each annual meeting will be specified in the notice of such annual meeting.  Any annual meeting of stockholders may be adjourned from day to day, time to time, and place to place until its business is completed.

2.2     Special Meetings.

Except as otherwise required by law or by the Certificate of Incorporation, special meetings of stockholders may be called by the chairman of the board, the chief executive officer, or the board of directors pursuant to a resolution approved by a majority of the entire board of directors or a sole remaining director, or the written request of stockholders owning a majority in amount of the entire capital stock of the Corporation issued and outstanding and entitled to vote. The term "**entire board of directors**," as used in these bylaws, means the total number of directors which the Corporation would have if there were no vacancies.

2.3     Stockholder Action.

Any action required or permitted to be taken by the stockholders of the Corporation will be effected at a duly called annual or special meeting of such stockholders or may be taken without a meeting, without prior notice, and without a vote, if the holders of outstanding stock having not less than the minimum number of votes that would be necessary to authorize or take such action at a meeting at which all shares entitled to vote were present and voted, consent to such action in writing.

2.4    Notice of Meeting.

Written notice stating the place, date and hour of the meeting and, in case of a special meeting, the purpose or purposes for which the meeting is called, will be given not less than ten (10) nor more than sixty (60) days before the date of the meeting, except as otherwise required by statute or the Certificate of Incorporation, either personally or by mail, email, facsimile transmission, or overnight courier, to each stockholder of record entitled to vote at such meeting. If mailed, such notice will be deemed to be given when deposited in the United States mail, postage prepaid, addressed to the stockholder at the stockholder's address as it appears on the stock records of the Corporation. If given personally or otherwise than by mail, such notice will be deemed to be given when either handed to the stockholder or delivered to the stockholder's address as it appears on the stock records of the Corporation.

2.5    Waiver.

Attendance of a stockholder of the Corporation, either in person or by proxy, at any meeting, whether annual or special, will constitute a waiver of notice of such meeting, except where a stockholder attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened. A written waiver of notice of any such meeting signed by a stockholder or stockholders entitled to such notice, whether before, at or after the time for notice or the time of the meeting, will be equivalent to notice. Neither the business to be transacted at, nor the purposes of, any meeting need be specified in any written waiver of notice.

2.6    Voting List.

The secretary will prepare and make available, at the earlier of ten (10) days before every meeting of stockholders, or two (2) business days after the notice is given, a complete list of the stockholders entitled to vote at the meeting, arranged in alphabetical order and showing the address and the number of shares registered in the name of each stockholder. Such list will be open to the examination of any stockholder for any purpose germane to the meeting, during ordinary business hours either at a place within the city where the meeting is to be held, which place will be specified in the notice of the meeting or, if not so specified, at the place where the meeting is to be held. The list will be produced and kept at the place of the meeting during the whole time of the meeting and may be inspected by any stockholder who is present.

2.7    Quorum.

Except as otherwise required by law, the Certificate of Incorporation or these bylaws, the holders of not less than a majority of the shares entitled to vote at any meeting of the stockholders, present in person or by proxy, will constitute a quorum, and the act of the majority of such quorum will be deemed the act of the stockholders. If a quorum will fail to attend any meeting, the chairman of the meeting may adjourn the meeting from time to time, without notice if the time and place are announced at the meeting, until a quorum will be present. At such adjourned meeting at which a quorum is present, any business may be transacted which might have been transacted at the original meeting. If the adjournment is for more than thirty (30) days

or if after the adjournment a new record date is fixed for the adjourned meeting, a notice of the adjourned meeting will be given to each stockholder of record entitled to vote at the meeting.

If a notice of any adjourned special meeting of stockholders is sent to all stockholders entitled to vote thereat, stating that it will be held with those present constituting a quorum, then, notwithstanding the prior paragraph and except as otherwise required by law, those present at such adjourned meeting will constitute a quorum, and all matters will be determined by a majority of votes cast at such meeting.

2.8     Record Date.

In order that the Corporation may determine the stockholders entitled to notice of or to vote at any meeting, or at any adjournment of a meeting of stockholders; or entitled to receive payment of any dividend or other distribution or allotment of any rights; or entitled to exercise any rights in respect of any change, conversion or exchange of stock; or for the purpose of any other lawful action; the board of directors may fix, in advance, a record date, which record date will not precede the date upon which the resolution fixing the record date is adopted by the board of directors.  The record date for determining the stockholders entitled to notice of or to vote at any meeting of stockholders or any adjournments thereof will not be more than sixty (60) nor less than ten (10) days before the date of such meeting.  The record date for any other action will not be more than sixty (60) days prior to such action.  If no record date is fixed: (i) the record date for determining stockholders entitled to notice of or to vote at any meeting will be the close of business on the day immediately preceding the day on which notice is given or, if notice is waived by all stockholders, at the close of business on the day immediately preceding the day on which the meeting is held; and (ii) the record date for determining stockholders for any other purpose will be at the close of business on the day on which the board of directors adopts the resolution relating to such other purpose.  A determination of stockholders of record entitled to notice of or to vote at a meeting of stockholders will apply to any adjournment of the meeting; provided, however, that the board of directors may fix a new record date for the adjourned meeting.

2.9     Voting and Proxies.

At every meeting of the stockholders, each stockholder will be entitled to one vote, in person or by proxy, for each share of the capital stock having voting power held by such stockholder, but no proxy will be voted on after three years from its date unless the proxy provides for a longer period.  When a quorum is present at any meeting, the vote of the holders of a majority of the stock having voting power present in person or represented by proxy will decide any question brought before such meeting, unless the question is one upon which, by express provision of the statutes or of the Certificate of Incorporation, a different vote is required, in which case such express provision will govern.

2.10    Procedure.

The order of business and all other matters of procedure at every meeting of the stockholders may be determined by the presiding officer.

# ARTICLE III
# DIRECTORS

3.1     <u>Number</u>.

Except as otherwise fixed pursuant to the provisions of the Certificate of Incorporation, the number of directors will be fixed from time to time exclusively by resolutions adopted by the board of directors; <u>provided</u>, <u>however</u>, that the number of directors will at no time be less than one (1); and <u>provided</u>, <u>further</u>, that no decrease in the number of directors constituting the board of directors will shorten the term of any incumbent director; and <u>provided</u>, <u>further</u>, that a newly created directorship established by the election of an additional member of the board by the board of directors will be deemed to automatically increase the size of the board by one (1).

3.2     <u>Chairman of the Board</u>.

The chairman, if present, will preside at all meetings of stockholders and of the board and will perform all duties incident to the office of chairman of the board and all such other duties as may from time to time be assigned to him by the board or by these bylaws.

3.3     <u>Election and Terms</u>.

A director will hold office until the annual meeting for the year in which his term expires and until his successor will be elected and qualified, subject, however, to such director's prior death, resignation, retirement, disqualification or removal from office.

3.4     <u>Newly Created Directorships and Vacancies</u>.

Except as otherwise fixed pursuant to the provisions of the Certificate of Incorporation, newly created directorships resulting from any increase in the number of directors and any vacancies on the board of directors resulting from death, resignation, disqualification, removal or other cause will be filled by the affirmative vote of a majority of the remaining directors then in office or a sole remaining director, even though less than a quorum of the board of directors, or, if there are no remaining directors, by the stockholders.  Any director elected in accordance with the preceding sentence will hold office for the remainder of the full term of the new directorship which was created or in which the vacancy occurred and until such director's successor will have been elected and qualified.

3.5     <u>Regular Meetings</u>.

The first meeting of each newly elected board of directors elected at the annual meeting of stockholders will be held immediately after and at the same place as, the annual meeting of the stockholders, provided a quorum is present, and no notice of such meeting will be necessary in order to legally constitute the meeting.  Regular meetings of the board of directors will be held at such times and places as the board of directors may from time to time determine.

3.6     <u>Special Meetings</u>.

Special meetings of the board of directors may be called at any time, at any place and for any purpose by the chairman of the board, the chief executive officer, or by a majority of the entire board of directors.

3.7     <u>Notice of Meetings</u>.

Notice of regular meetings of the board of directors need not be given.  Notice of every special meeting of the board of directors will be given to each director at his usual place of business or at such other address as will have been furnished by him for such purpose.  Such notice will be properly and timely given if it is: (a) deposited in the United States mail not later than the third calendar day preceding the date of the meeting or (b) personally delivered, emailed, sent by facsimile transmission or communicated by telephone at least twenty-four (24) hours before the time of the meeting.  Such notice need not include a statement of the business to be transacted at, or the purpose of, any such meeting.

3.8     <u>Waiver</u>.

Attendance of a director at a meeting of the board of directors will constitute a waiver of notice of such meeting, except where a director attends a meeting for the express purpose of objecting, at the beginning of the meeting, to the transaction of any business because the meeting is not lawfully called or convened.  A written waiver of notice signed by a director or directors entitled to such notice, whether before, at, or after the time for notice or the time of the meeting, will be equivalent to the giving of such notice.

3.9     <u>Quorum</u>.

Except as may be otherwise provided by law, in the Certificate of Incorporation, or in these bylaws, the presence of a majority of the entire board of directors will be necessary and sufficient to constitute a quorum for the transaction of business at any meeting of the board of directors, and the act of a majority of the directors present at a meeting at which a quorum is present will be deemed the act of the board of directors.  Less than a quorum may adjourn any meeting of the board of directors from time to time without notice.

3.10    <u>Participation in Meetings by Telephone</u>.

Members of the board of directors, or of any committee thereof, may participate in a meeting of such board or committee by means of conference telephone or similar communications equipment by means of which all persons participating in the meeting can hear each other and such participation will constitute presence in person at such meeting.

3.11    <u>Powers</u>.

The business, property and affairs of the Corporation will be managed by or under the direction of its board of directors, which will have and may exercise all the powers of the Corporation to do all such lawful acts and things as are not by law, by the Certificate of

Incorporation or by these bylaws, directed or required to be exercised or done by the stockholders.

3.12    Compensation of Directors.

Directors will receive such compensation for their services as will be determined by a majority of the entire board of directors, provided that directors who are serving the Corporation as officers or employees and who receive compensation for their services as such officers or employees will not receive any salary or other compensation for their services as directors.

3.13    Action Without a Meeting.

Unless otherwise restricted by the Certificate of Incorporation or these bylaws, any action required or permitted to be taken at any meeting of the board of directors or any committee thereof may be taken without a meeting if written consent thereto is signed by all members of the board of directors or of such committee, as the case may be, and such written consent is filed with the minutes of proceedings of the board or committee.  Any such consent may be in counterparts and will be effective on the date of the last signature thereon unless otherwise provided therein.

## ARTICLE IV
## COMMITTEES

4.1    Designation of Committees.

The board of directors may establish committees for the performance of delegated or designated functions to the extent permitted by law, each committee to consist of one or more directors of the Corporation.  In the absence or disqualification of a member of a committee, the member or members present at any meeting and not disqualified from voting, whether or not such members constitute a quorum, may unanimously appoint another member of the board of directors to act at the meeting in the place of such absent or disqualified member.

4.2    Committee Powers and Authority.

The board of directors may provide, by resolution or by amendment to these bylaws, that a committee may exercise all the power and authority of the board of directors in the management of the business and affairs of the Corporation, and may authorize the seal of the Corporation to be affixed to all papers which may require it; provided, however, that a committee may not exercise the power or authority of the board of directors in reference to amending the Certificate of Incorporation, adopting an agreement of merger or consolidation, recommending to the stockholders the sale, lease or exchange of all or substantially all of the Corporation's property and assets, recommending to the stockholders a dissolution of the Corporation or a revocation of a dissolution, or amending these bylaws; and, unless the resolution expressly so provides, no such committee will have the power or authority to declare a dividend or to authorize the issuance of stock.

4.3     Committee Procedures.

To the extent the board of directors or the committee does not establish other procedures for the committee, each committee will be governed by the procedures established in Section 3.3 (except as they relate to an annual meeting of the board of directors) and Sections 3.4, 3.5, 3.6, 3.7, 3.9, 3.10, 3.12, and 3.13 of these bylaws, as if the committee were the board of directors.

# ARTICLE V
# OFFICERS

5.1     Number.

The officers of the Corporation will be appointed or elected by the board of directors. The officers may be a chief executive officer, a president, such number, if any, of executive vice presidents as the board of directors may from time to time determine, such number, if any, of vice presidents as the board of directors may from time to time determine, a secretary, such number, if any, of assistant secretaries as the board of directors may from time to time determine, and, if any, a treasurer. Any person may hold two (2) or more offices at the same time.

5.2     Additional Officers.

The board of directors may appoint such other officers as it will deem appropriate.

5.3     Term of Office, Resignation.

All officers, agents and employees of the Corporation will hold their respective offices or positions at the pleasure of the board of directors and may be removed at any time by the board of directors with or without cause. Any officer may resign at any time by giving written notice of his resignation to the chief executive officer, the president, or to the secretary, and acceptance of such resignation will not be necessary to make it effective unless the notice so provides. Any vacancy occurring in any office will be filled by the board of directors.

5.4     Duties.

The officers of the Corporation will perform the duties and exercise the powers as may be assigned to them from time to time by the board of directors or the president and chief executive officer. In the absence of such assignment, the officers will have the duties and powers described in Sections 5.5 through 5.11.

5.5     Chief Executive Officer.

The chief executive officer will be chief executive officer of the Corporation and, subject to the direction and control of the board of directors, will manage the business of the Corporation. The chief executive officer will also be deemed to be the chairman of the board and/or President of the Corporation at any time when such office is otherwise vacant. The chief

executive officer may execute contracts, deeds and other instruments on behalf of the Corporation. The chief executive officer will have full authority on behalf of the Corporation to attend any meeting, give any waiver, cast any vote, grant any discretionary or directed proxy to any person, and exercise any other rights of ownership with respect to any shares of capital stock or other securities held by the Corporation and issued by any other corporation or with respect to any partnership, trust or similar interest held by the Corporation.

      5.6    <u>President</u>.

      The president will, subject to the direction and control of the board of directors and the chief executive officer, will manage the business of the Corporation. The president may execute contracts, deeds and other instruments on behalf of the Corporation. In the absence of the chief executive officer or in the event of his disability, inability or refusal to act, the president will perform the duties and exercise the power of the chief executive officer. The president will have full authority on behalf of the Corporation to attend any meeting, give any waiver, cast any vote, grant any discretionary or directed proxy to any person, and exercise any other rights of ownership with respect to any shares of capital stock or other securities held by the Corporation and issued by any other corporation or with respect to any partnership, trust or similar interest held by the Corporation.

      5.7    <u>Executive Vice President</u>.

      Each executive vice president, if any, will perform such functions as may be prescribed by the board of directors, the chairman of the board and chief executive officer or the president. Each executive vice president may execute contracts, deeds and other instruments on behalf of the Corporation. Each executive vice president will have full authority on behalf of the Corporation to attend any meeting, give any waiver, cast any vote, grant any discretionary or directed proxy to any person, and exercise any other rights of ownership with respect to any shares of capital stock or other securities held by the Corporation and issued by any other corporation or with respect to any partnership, trust or similar interest held by the Corporation. Each executive vice president will perform such other duties as the board, the chief executive officer or the president may from time to time prescribe or delegate to him.

      5.8    <u>Vice President</u>.

      Each vice president, if any, will perform such functions as may be prescribed by the board of directors, the chief executive officer, the president, or any executive vice president. Each vice president may execute contracts, deeds and other instruments on behalf of the Corporation. The vice president will have full authority on behalf of the Corporation to attend any meeting, give any waiver, cast any vote, grant any discretionary or directed proxy to any person, and exercise any other rights of ownership with respect to any shares of capital stock or other securities held by the Corporation and issued by any other corporation or with respect to any partnership, trust or similar interest held by the Corporation. Each vice president will perform such other duties as the board, the chief executive officer, the president or any executive vice president may from time to time prescribe or delegate to him.

5.9     Secretary.

The secretary will give, or cause to be given, notice of all meetings of the stockholders and, upon the request of a person entitled to call a special meeting of the board of directors, he will give notice of any such special meeting.  The secretary will keep the minutes of all meetings of the stockholders, the board of directors or any committee established by the board of directors.  The secretary will be responsible for the maintenance of all records of the Corporation and may attest documents on behalf of the Corporation.  The secretary will perform such other duties as the board, the chief executive officer, the president or any vice president may from time to time prescribe or delegate to him.

5.10    Assistant Secretary.

Each assistant secretary, if any, will, in general, perform the duties as may be prescribed by the secretary or by the president or by the board of directors from time to time. Any assistant secretary or secretaries, when authorized by the board of directors, may sign with the president or a vice president certificates for the Corporation's shares, the issuance of which have been authorized by a resolution of the board of directors.

5.11    Treasurer.

The treasurer, if any, will be responsible for the control of the funds of the Corporation and the custody of all securities owned by the Corporation.  The treasurer will perform such other duties as the board, the chief executive officer, the president or any vice president may from time to time prescribe or delegate to him.

5.12    Compensation.

Officers will receive such compensation, if any, for their services as may be authorized or ratified by the board of directors.  Election or appointment as an officer will not of itself create a right to compensation for services performed as such officer.

## ARTICLE VI
## INDEMNIFICATION OF DIRECTORS, OFFICERS AND EMPLOYEES

6.1     Directors and Officers.

Subject to the Certificate of Incorporation and the other sections of this Article, the Corporation will indemnify, to the fullest extent permitted by, and in the manner permissible under, the laws of the State of Delaware in effect on the date of these bylaws and as amended from time to time, any person who was or is threatened to be made a party to any threatened, pending or completed action, suit or proceeding, whether criminal, civil, administrative or investigative, by reason of the fact that he is or was a director or officer of the Corporation, or is or was serving at the request of the Corporation as a director, officer, employee or agent of another corporation, partnership, joint venture, trust, association or other enterprise, against expenses (including attorneys' fees), judgments, fines, ERISA excise taxes or penalties and amounts paid in settlement actually and reasonably incurred by him in connection with such

action, suit or proceeding, including any action, suit or proceeding by or in the right of the Corporation (a "**Proceeding**").  The Corporation will advance all reasonable expenses incurred by or on behalf of any such person in connection with any Proceeding within ten (10) days after the receipt by the Corporation of a statement or statements from such person requesting such advance or advances from time to time, whether prior to or after final disposition of such Proceeding.  Such statement or statements will reasonably evidence the expenses incurred by such person and, if such person is an officer or director of the Corporation, will include or be preceded or accompanied by an undertaking by or on behalf of such person to repay any expenses advanced if it will ultimately be determined that such person is not entitled to be indemnified against such expenses.  Costs, charges or expenses of investigating or defending Proceedings for which indemnity will be sought hereunder may be incurred without the Corporation's consent provided that no settlement of any such Proceeding may be made without the Corporation's consent, which consent will not be unreasonably withheld.

6.2     Determination of Right to Indemnification.

6.2.1   Any indemnification requested by any person under Section 6.1 will be made no later than forty-five (45) days after receipt of the written request of such person unless a determination is made within said forty-five (45) day period: (i) by a majority vote of directors who are not parties to such Proceedings, or (ii) in the event a quorum of non-involved directors is not obtainable, at the election of the Corporation, by independent legal counsel in a written opinion, that such person is not entitled to indemnification hereunder.

6.2.2   Notwithstanding a determination under Section 6.2.1 above that any person is not entitled to indemnification with respect to a Proceeding, such person will have the right to apply to any court of competent jurisdiction for the purpose of enforcing such person's right to indemnification pursuant to these bylaws.  Neither the failure of the Corporation (including its board of directors or independent legal counsel) to have made a determination prior to the commencement of such action that such person is entitled to indemnification hereunder, nor an actual determination by the Corporation (including its board of directors or independent legal counsel) that such person is not entitled to indemnification hereunder, will be a defense to the action or create any presumption that such person is not entitled to indemnification hereunder.

6.2.3   The Corporation will indemnify any person against all expenses incurred in connection with any hearing or Proceeding under this Section 6.2 if such person prevails on the merits or otherwise in such Proceeding.

6.3     Subrogation.

In the event of payment under these bylaws, the indemnifying party or parties will be subrogated to the extent of such payment to all of the rights of recovery of the indemnified person therefor and such indemnified person will execute all papers required and will do everything that may be necessary to secure such rights, including the execution of such documents necessary to enable the indemnifying party or parties to effectively bring suit to enforce such rights.

6.4     <u>Presumptions and Effect of Certain Proceedings</u>.

6.4.1    In making a determination with respect to entitlement to indemnification hereunder, the person or persons or entity making such determination will presume that such person is entitled to indemnification under this <u>Article VI</u>, and the Corporation will have the burden of proof to overcome that presumption in connection with the making by any person, persons or entity of any determination contrary to that presumption.

6.4.2    The termination of any Proceeding or of any claim, issue or matter therein, by judgment, order, settlement or conviction, or upon a plea of <u>nolo contendere</u> or its equivalent, will not (except as otherwise expressly provided in these bylaws) of itself adversely affect the right of any person to indemnification or create a presumption that such person did not act in good faith and in a manner which he reasonably believed to be in or not opposed to the best interests of the Corporation or, with respect to any criminal Proceeding, that such person had reasonable cause to believe that his conduct was unlawful.

6.5     <u>Exception to Right of Indemnification or Advancement of Expenses</u>.

Notwithstanding any other provision of these bylaws, no person will be entitled to indemnification or advancement of expenses under these bylaws with respect to any Proceeding brought by such person, unless the bringing of such Proceeding or making of such claim will have been approved by the board of directors.

6.6     <u>Contract</u>.

The foregoing provisions of this <u>Article VI</u> will be deemed to be a contract between the Corporation and each director and officer who serves in such capacity at any time while this bylaw is in effect, and any repeal or modification thereof will not affect any rights or obligations then existing with respect to any state of facts then or theretofore existing or any Proceeding theretofore or thereafter brought based in whole or in part upon any such state of facts.

The foregoing rights of indemnification will not be deemed exclusive of any other rights to which any director or officer may be entitled apart from the provisions of this <u>Article VI</u>.

6.7     <u>Surviving Corporation</u>.

The board of directors may provide by resolution that references to "the Corporation" in this Article will include, in addition to this Corporation, all constituent corporations absorbed in a merger with this Corporation so that any person who was a director or officer of such a constituent corporation or is or was serving at the request of such constituent corporation as a director, employee or agent of another corporation, partnership, joint venture, trust, association or other entity will stand in the same position under the provisions of this Article with respect to this Corporation as he would if he had served this Corporation in the same capacity or is or was so serving such other entity at the request of this Corporation, as the case may be.

-11-

6.8     <u>Inurement</u>.

The indemnification and advancement of expenses provided by, or granted pursuant to, this Article will continue as to a person who has ceased to be a director or officer and will inure to the benefit of the heirs, executors, and administrators of such person.

6.9     <u>Employees and Agents</u>.

To the same extent as it may do for a director or officer, the Corporation may indemnify and advance expenses to a person who is not and was not a director or officer of the Corporation but who is or was an employee or agent of the Corporation.

## ARTICLE VII
## CAPITAL STOCK

7.1     <u>Certificates</u>.

Shares of stock of the Corporation shall be represented by certificates, or shall be uncertificated shares that may be evidenced by a book-entry system maintained by the registrar of such stock, or a combination of both.  To the extent that shares are represented by certificates, such certificates shall be in a form approved by the board of directors.  Each certificate shall be signed by the chairman, or the president or the vice president and the secretary or an assistant secretary.

7.2     <u>Facsimile Signatures</u>.

In case any officer, transfer agent, or registrar who has signed or whose facsimile signature has been placed upon a certificate will have ceased to be such officer, transfer agent, or registrar before such certificate is issued, it may be issued by the Corporation with the same effect as if he, she or it was such officer, transfer agent, or registrar at the date of issue.

7.3     <u>Registered Stockholders</u>.

The Corporation will be entitled to treat the holder of record of any share or shares of stock of the Corporation as the holder in fact thereof and, accordingly, will not be bound to recognize any equitable or other claim to or interest in such share or shares on the part of any other person, whether or not it has actual or other notice thereof, except as provided by law.

7.4     <u>Cancellation of Certificates</u>.

All certificates surrendered to the Corporation will be canceled and, except in the case of lost, stolen or destroyed certificates, no new certificates will be issued until the former certificate or certificates for the same number of shares of the same class of stock have been surrendered and canceled.

7.5     <u>Lost, Stolen, or Destroyed Certificates</u>.

The board of directors may direct a new certificate or certificates to be issued in place of any certificate or certificates theretofore issued by the Corporation alleged to have been lost, stolen, or destroyed upon the making of an affidavit of that fact by the person claiming the certificate or certificates to be lost, stolen, or destroyed.  In its discretion, and as a condition precedent to the issuance of any such new certificate or certificates, the board of directors may require that the owner of such lost, stolen or destroyed certificate or certificates, or such person's legal representative, give the Corporation and its transfer agent or agents, registrar or registrars a bond in such form and amount as the board of directors may direct as indemnity against any claim that may be made against the Corporation and its transfer agent or agents, registrar or registrars on account of the alleged loss, theft, or destruction of any such certificate or the issuance of such new certificate.

7.6     <u>Transfer of Shares</u>.

Certificated shares of the Corporation will only be transferred on its books upon the surrender to the Corporation of the share certificates duly endorsed or accompanied by proper evidence of succession, assignment or authority to transfer.  The surrendered certificates shall be canceled, new certificates issued to the person entitled to them and the transaction recorded on the books of the Corporation. Uncertificated shares will only be transferred on the books of the Corporation upon the written instruction from the registered owner of such uncertificated shares, or from a duly authorized attorney or from an individual presenting proper evidence of succession, assignment or authority to transfer the stock.

7.7     <u>Transfer Agents and Registrars</u>.

The Corporation may have one or more transfer agents and one or more registrars of its stock, whose respective duties the board of directors may, from time to time, define.  No certificated certificate of stock will be valid until countersigned by a transfer agent, if the Corporation will have a transfer agent, or until registered by the registrar, if the Corporation will have a registrar.  The duties of transfer agent and registrar may be combined.

## ARTICLE VIII
## SEAL

8.1     <u>Seal</u>.

The board of directors may adopt and provide a seal which will be circular in form and will bear the name of the Corporation and the words "Seal" and "Delaware," and which, if adopted, will constitute the corporate seal of the Corporation.

**ARTICLE IX**
**FISCAL YEAR**

9.1     <u>Fiscal Year</u>.

The fiscal year for the Corporation will close on the 30th of June of each year.


**ARTICLE X**
**AMENDMENTS**

10.1    <u>Amendments</u>.

Subject to the provisions of the Certificate of Incorporation, these bylaws may be altered, amended, or repealed at any regular meeting of the stockholders (or at any special meeting thereof duly called for that purpose) by a majority vote of the shares represented and entitled to vote at such meeting, provided that in the notice of such special meeting, notice of such purpose will be given.  Subject to the laws of the State of Delaware, the Certificate of Incorporation and these bylaws, the board of directors may, by majority vote of those present at any meeting at which a quorum is present, amend these bylaws or enact such other bylaws as in their judgment may be advisable for the regulation of the conduct of the affairs of the Corporation.

**EXHIBIT C**

<u>Unanimous Written Consent of the Board of Directors</u>

[see attached]

## ALLEGIANCE COAL USA LIMITED
## UNANIMOUS WRITTEN CONSENT
## OF
## THE BOARD OF DIRECTORS

### As of May 24, 2022

### * * * * * * * * * *

The undersigned, being the duly appointed Board of Directors (the "**Board**") of **ALLEGIANCE COAL USA LIMITED**, a Delaware corporation (the "**Company**"), and acting pursuant to the provisions of the Delaware General Corporations Law (the "**Act**") and the Company's By-Laws dated December 19, 2019 (the "**By-Laws**"), do hereby adopt, by this unanimous written consent (this "**Consent**") the following resolutions with the same force and effect as if they had been adopted at a duly convened meeting of the Board, and direct that this Consent be filed with the minutes of the proceedings of the Company:

**WHEREAS,** the Company is a proposed party to: (1) the Convertible Note Agreement, dated on or about the date hereof, by and between the Company, Allegiance Coal Limited, an Australian corporation ("**ACL**") and Collins Street Convertible Notes Pty Ltd (the "**Noteholder**" (the "**Note Agreement**"); (2) the Guaranty and Security Agreement, dated on or about the date hereof (the "**Security Agreement**"), by and between the Company, ACL, the Noteholder, New Elk Coal Holdings LLC, a Delaware limited liability company ("**NECH**"), New Elk Coal Company LLC, a Colorado limited liability company ("**NECC**"), North Central Energy Company, a Colorado corporation ("**NCEC**"), Raton Basin Analytic LLC, a Colorado limited liability company ("**RBA**"), and Black Warrior Minerals, Inc., an Alabama corporation ("**BWM**," and together with the Company, ACL, NECH, NECC, the "**Grantors**"); and (3) other documents in connection with the Convertible Note Agreement and Security Agreement between the Noteholder and the Grantors, including the Assignments, the Mortgages, the Deed, the Note, the Subordination Agreements, and all financing statements (or comparable documents now or hereafter filed in accordance with the UCC or other applicable law) (collectively, the "**Transaction Documents**");

**WHEREAS,** the Board has had the opportunity to review drafts of the Transaction Documents; and

**WHEREAS,** the Board has determined it is useful and appropriate for the Company to enter into, execute, deliver and perform its obligations under the Transaction Documents and to deliver the certificates, opinions, and documents contemplated therein.

**NOW THEREFORE BE IT:**

**RESOLVED,** that the Transaction Documents in the forms submitted to the Board are hereby adopted, authorized, and approved (together with the performance

thereunder and the transaction contemplated thereby), with such changes thereto as any member of the Board or authorized person of the Company executing the same may deem necessary or desirable to carry out the purposes and intent of the foregoing resolution, with the execution and delivery of any or all of the foregoing documents to be conclusive proof of the determination by such persons of the necessity therefor or appropriateness thereof; and be if further

**RESOLVED,** that each member of the Board or officer, officer, or [insert name of authorized people] acting alone (each an "**Authorized Signatory**") be and each hereby is authorized to execute, deliver, and perform, or cause to be executed, delivered, and performed, the Transaction Documents and all other agreements, certificates, and other documents contemplated under the Transaction Documents (collectively, the "**Ancillary Documents**") each in form and with such additional changes or amendments to the terms, conditions, or other provisions thereof as a member of the Board or Authorized Signatory may approve, the execution and delivery of which shall be conclusive evidence of proper authorization and approval thereof; and be it further

**RESOLVED,** that the Secretary be, and hereby is, authorized to certify to any third party that these resolutions have been duly adopted and that they are in conformity with the Certificate of Incorporation and the By-Laws of the Company; and be it further

**RESOLVED,** that the Transaction Documents and the Ancillary Documents, are hereby adopted, authorized, and approved (together with the performance thereunder and the transactions contemplated thereby), in such form as any member of the Board, officer, or Authorized Signatory of the Company, executing the same may deem necessary or desirable to carry out the purposes and intent of the foregoing resolution, with the execution and delivery of any or all of the foregoing documents to be conclusive proof of the determination by such persons of the necessity therefor or appropriateness thereof, and that the Company, acting alone, be and hereby is authorized, empowered, and directed, to execute, deliver and perform the Transaction Documents and Ancillary Documents, each in the form and with such additional changes or amendments to the terms, conditions, or other provisions thereof as any member of the Board or Authorized Signatory of the Company may approve, the execution and delivery of which shall be conclusive evidence of proper authorization and approval thereof; and be it further

**RESOLVED,** that all acts and deeds heretofore done and any action taken by the Board, any Authorized Signatory or agent of the Company for or on behalf of the Company be, and hereby are, ratified, approved and confirmed in all respects as the acts and deeds of the Company and any action hereafter taken by the Board or any Authorized Signatory or agent of the Company for or on behalf of the Company in carrying out the terms and intentions of the foregoing resolutions or otherwise within the terms of the foregoing resolutions be, and hereby are, ratified, approved and confirmed in all respects as the acts and deeds of the Company.

Separate counterparts of this Consent may be executed and delivered (each of which may be transmitted via facsimile or e-mail (in portable document format, including

DocuSign)), each of which shall be deemed an original instrument, but all such counterparts together shall constitute but one and the same Consent.

Any member of the Board is hereby directed to cause this instrument or a conformed or executed counterpart copy thereof, to be placed with the permanent records of the proceedings transacted by the Company.

*[Remainder of page left blank.  Signature Page Follows]*

IN WITNESS WHEREOF, the undersigned have executed this Consent as of the day and year first written above.

**BOARD OF DIRECTORS:**

_____
Mark Gray



_____

Jonathan Reynolds

**EXHIBIT D**

<u>Incumbency</u>

| <u>Name  of director or officer</u> | <u>Title</u> | <u>Signature</u> |
| --- | --- | --- |
| Mark Gray | Director, Chairman, President, and Chief Executive Officer | |
| Jonathan Reynolds | Director, Vice President, Treasurer, and Secretary | |

**EXHIBIT E**

<u>Good Standing Certificate</u>



# Delaware

### The First State

Page 1

I, JEFFREY W. BULLOCK, SECRETARY OF STATE OF THE STATE OF DELAWARE, DO HEREBY CERTIFY "ALLEGIANCE COAL USA LIMITED" IS DULY INCORPORATED UNDER THE LAWS OF THE STATE OF DELAWARE AND IS IN GOOD STANDING AND HAS A LEGAL CORPORATE EXISTENCE SO FAR AS THE RECORDS OF THIS OFFICE SHOW, AS OF THE SEVENTEENTH DAY OF MAY, A.D. 2022.

AND I DO HEREBY FURTHER CERTIFY THAT THE ANNUAL REPORTS HAVE BEEN FILED TO DATE.

AND I DO HEREBY FURTHER CERTIFY THAT THE SAID "ALLEGIANCE COAL USA LIMITED" WAS INCORPORATED ON THE NINTH DAY OF DECEMBER, A.D. 2019.

AND I DO HEREBY FURTHER CERTIFY THAT THE FRANCHISE TAXES HAVE BEEN PAID TO DATE.

*Jeffrey W. Bullock, Secretary of State*

7692949  8300

SR# 20222064151

You may verify this certificate online at corp.delaware.gov/authver.shtml

Authentication: 203451250

Date: 05-17-22